**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| LEXAN MCDOWELL, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civ. No.: MJM-22-3172 |
| v. | * | |
| | * | |
| ICALLIDUS, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Currently pending is self-represented plaintiff Lexan McDowell's ("Plaintiff") renewed motion for leave to amend her complaint. ECF 126. Defendant iCallidus, Inc. ("iCallidus" or "Defendant") filed a response in opposition to the motion and a motion to strike the proposed amended complaint, ECF 129, and Plaintiff filed a reply, ECF 130. Defendant then moved to strike the reply as untimely, ECF 131; Plaintiff opposed that motion, ECF 132; and Defendant replied, ECF 134. No hearing is necessary to resolve these motions. Loc. R. 105.6 (D. Md. 2025). For reasons stated herein, Plaintiff's motion for leave to amend is granted in part and denied in part. Defendant's motion to strike the proposed amended complaint is denied, and its motion to strike Plaintiff's reply in support of her motion for leave to amend is granted.

**I.      Plaintiff's Motion for Leave to Amend**

Amendment of pleadings in federal court is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15 states that "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a [Rule 12] motion . . . , whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party

1

may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the Fourth Circuit has endorsed a liberal approach to granting motions for leave to amend. The court has "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citation and internal quotation marks omitted). Leave to amend should be denied as futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), and *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 695 (8th Cir. 1981)).

Here, Plaintiff seeks to amend her complaint to include additional factual allegations and several additional claims for relief: racial discrimination under Title VII (Count I); retaliation under Title VII (Count II); constructive discharge under Maryland common law (Count III); breach of contract under Maryland law (Count IV); and unjust enrichment under Maryland common law (Count V). Defendant argues that these additional claims are futile, prejudicial, and made in bad faith. The Court does not find the proposed amendment to be precluded by prejudice to Defendant or bad faith, but it is readily apparent that at least some of the proposed additional counts are insufficient to state plausible claims for relief.

First, Plaintiff's proposed Title VII retaliation claim is based upon Plaintiff having "raised concerns about her role misclassification and lack of compensation[,]" and Defendant subsequently "increas[ing] Plaintiff's workload[,]" "refus[ing] to provide a job description[,]" denying Plaintiff "advancement[,]" and subjecting Plaintiff to "adverse conditions." ECF 126 at

33. A prima facie case of retaliation under Title VII requires a plaintiff to establish "(1) that she engaged in a protected activity, (2) that her employer took an adverse action against her, and (3) that there was a causal link between the two events." *Laurent-Workman v. Wormuth*, 54 F.4th 201, 212 (4th Cir. 2022) (citation omitted). Plaintiff's proposed amended pleading adds allegations that she voiced "concerns" and submitted "a formal complaint" to Defendant "express[ing] unhappiness after being denied a raise," and complaining of "excessive workload, lack of support," and concerns about certain tasks assigned to her. ECF 126 at 31–32. Plaintiff describes these complaints as "protected activity," *id.*, but that legal conclusion rests upon a faulty foundation. "Not all employee complaints are protected by Title VII's retaliation provision . . . ." *McIver v. Bridgestone Ams., Inc.*, 42 F.4th 398, 411 (4th Cir. 2022). "Complaints about management activities that would not constitute unlawful discrimination[,]" *Chang Lim v. Azar*, 310 F. Supp. 3d 588, 604 (D. Md. 2018), such as "[g]eneral complaints of unfair treatment[,]" do not constitute protected activity under Title VII, *Bowman v. Balt. City Bd. of Sch. Comm'rs*, 173 F. Supp. 3d 242, 248 (D. Md. 2016). Here, Plaintiff's proposed amended pleading offers no indication that her complaints concerned allegations of discriminatory practices made unlawful under Title VII. Accordingly, the Court finds that Plaintiff's proposed count for retaliation under Title VII is clearly insufficient to state a plausible claim for relief and is therefore futile.

Second, Plaintiff's proposed count for breach of contract is based upon Defendant's failure to disclose the government's reassignment of a contract Plaintiff managed for Defendant to another company—21st Century—and failure to offer Plaintiff "revised terms or compensation." ECF 126 at 34. But "[t]o prevail in an action for breach of any contract—including an employment contract—a plaintiff must prove 'that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation.'" *Harig v. Progress Rail Servs. Corp.*, 166 F. Supp.

3

3d 542, 550 (D. Md. 2015) (quoting *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001)). Plaintiff's proposed amended pleading does not identify any contractual obligation—any term or provision of her contract with Defendant—that Defendant breached. Accordingly, the Court finds that Plaintiff's proposed count for breach of contract is clearly insufficient to state a plausible claim for relief and is therefore futile.

Third, Plaintiff's proposed count for unjust enrichment is based on having "performed labor on a contract awarded to 21st Century while employed by iCallidus[,]" and iCallidus "retain[ing] the benefit of Plaintiff's labor without compensating her or obtaining consent." ECF 126 at 34. "Under Maryland law, a claim for unjust enrichment has three elements: (1) a benefit conferred upon the defendant by the plaintiff, (2) an appreciation or knowledge by the defendant of the benefit, and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Lacks v. Ultragenyx Pharm., Inc.*, 734 F. Supp. 3d 397, 408 (D. Md. 2024) (citing *Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007)). Plaintiff's proposed amended pleading does not identify what benefit Plaintiff conferred upon iCallidus by performing labor on a contract awarded to a separate entity—21st Century. Moreover, Plaintiff's allegation that she was not compensated is undermined elsewhere in her pleading where she admits to having been compensated for the work she performed. Accordingly, the Court finds that Plaintiff's proposed count for unjust enrichment is clearly insufficient to state a plausible claim for relief and is therefore futile.

Fourth, Plaintiff's proposed count for fraudulent misrepresentation is based on allegations that Defendant represented to Plaintiff that she was promoted to a Program Manager position and that she "was working under iCallidus's contract, even though it had been terminated and

4

reassigned to 21st Century." ECF 126 at 35. If a claim alleges fraud, it is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b). This rule requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783–84 (4th Cir. 1999). This heightened standard requires a plaintiff to set forth "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (quoting *Harrison*, 176 F.3d at 784). Put simply, a plaintiff must plead the "who, what, when, where, and how of the alleged fraud." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (citation and internal quotation marks omitted); *see also U.S. ex rel. Palmieri v. Alpharma, Inc.*, 928 F. Supp. 2d 840, 853 (D. Md. 2013); *Harden v. Budget Rent A Car Sys., Inc.*, 726 F. Supp. 3d 415, 426–27 (D. Md. 2024). Here, Plaintiff does not allege who falsely told her that she "was working under iCallidus's contract," when and where this alleged misrepresentation was made, and what that person or Defendant itself gained by making the misrepresentation. As to Plaintiff's allegation about her promotion, she fails to offer any facts to explain how the communication of this promotion to her was false. The facts alleged in the proposed amended pleading indicates that Plaintiff was promoted. Accordingly, the Court finds that Plaintiff's proposed count for fraudulent misrepresentation is clearly insufficient to state a plausible claim for relief and is therefore futile.

However, at this stage, the Court cannot find that Plaintiff's proposed counts for Title VII race discrimination or Maryland common-law constructive discharge are "clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. Plaintiff's proposed discrimination count is based upon her discovery of information indicating that, after her separation from iCallidus, the company

hired a white person as a Program Manager to manage contracts Plaintiff had managed but with higher pay. This new fact may be sufficient to support a plausible claim for discrimination under Title VII. "[I]n order to establish a prima facie case of racial discrimination in compensation under . . . Title VII . . . ," Plaintiff must show "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action with respect to compensation; and (4) that similarly-situated employees outside the protected class received more favorable treatment." *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004). As an African American, Plaintiff is a member of a protected class, and she alleges that her job performance was satisfactory. Defendant argues that the proposed amended complaint "concedes" that the new comparator's job location and duties were "drastically different" from Plaintiff's. ECF 129 at 10. At this stage, I am not persuaded that Plaintiff and the new comparator were so dissimilarly situated as to undermine a prima facie case of Title VII discrimination.

Similarly, the Court cannot find Plaintiff's constructive discharge claim to be futile. Under Maryland law, "[a] constructive discharge occurs . . . when an employer deliberately causes or allows the employee's working conditions to become so intolerable that the employee is forced into an involuntary resignation." *Rosero v. Johnson, Mirmiran & Thompson, Inc.*, Civ. No. GLR-21-588, 2022 WL 899442, at *7 (D. Md. Mar. 28, 2022), *aff'd*, No. 23-2041, 2024 WL 773586 (4th Cir. Feb. 26, 2024) (quoting *Jackson v. Clark*, 564 F. Supp. 2d 483, 492 (D. Md. 2008)). Plaintiff's proposed count for constructive discharge is based on allegedly "intolerable working conditions, including excessive workload, lack of transparency, and refusal to provide a job description." ECF 126 at 33. A constructive discharge claim based upon an excessive workload, as described in the proposed amended complaint, is not clearly insufficient.

Defendant argues, in part, that Plaintiff's proposed amendment should not be permitted because several of the new claims are not supported by newly discovered facts. ECF 129 at 9. But the Court cannot find that addition of claims for race discrimination and constructive discharge is so prejudicial to Defendant as to preclude amendment under Rule 15's liberal standard. "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 427. A prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." *Id.* (quoting *Johnson*, 785 F.2d at 509). Here, discovery is ongoing, and trial has not been scheduled. While it is true that the discovery deadline is approaching, Defendant previously moved for an extension of the discovery deadline to March 23, 2026, ECF 127.[1]

Finally, the Court does not find any bad faith on Plaintiff's part in seeking to amend her pleading. While "diligence in filing [a] motion to amend . . . dispels [an] inference of bad faith," a court should not deny a motion to amend simply to punish a party for being dilatory. *Laber*, 438 F.3d at 428. The bad faith determination "requires analysis related to the plaintiff's motive for not amending his or her complaint earlier." *Pine Mountain Oil & Gas, Inc. v. Equitable Prod. Co.*, 446 F. Supp. 2d 643, 649 (W.D. Va. 2006) (citation omitted) (noting that plaintiff's piecemeal approach to the dispute indicated bad faith, as well as their "tactical" decision to focus solely on a single issue of the case). Here, the Court finds no reason to doubt that Plaintiff is seeking to add claims to her pleading in good faith and based on her good-faith argument that amendment is justified at this stage of the case by the discovery of new facts. She has identified newly discovered facts that she contends support both her claims for racial discrimination—i.e., a newly discovered

---

[1] At that time, while Plaintiff's motion for leave to amend was still pending, the Court did not find good cause to grant such a lengthy extension. *See* ECF 128.

comparator—and constructive discharge—i.e., "lack of transparency." Although I am not entirely persuaded that Plaintiff's constructive discharge claim may be predicated on "lack of transparency," I do not find that Plaintiff has presented this allegation in bad faith. Defendant asserts without any evidence that Plaintiff seeks only "to impugn and prejudice the reputation of the Defendant and its principal." ECF 129 at 13. But potential reputational harms are a natural consequence of many—if not, most—lawsuits filed in good faith.

In sum, Plaintiff's motion for leave to amend is granted in part and denied in part. The motion is granted as to the proposed Counts I and III—racial discrimination under Title VII and constructive discharge under Maryland common law, respectively. The motion is denied as to the proposed Counts II, IV, V, and VI—retaliation under Title VII, and breach of contract, unjust enrichment, and fraudulent misrepresentation under Maryland law, respectively—because the claims for relief asserted in those proposed counts are futile.

## II.     Defendant's Motion to Strike Proposed Amended Complaint

Defendant moves to strike Plaintiff's proposed amended complaint. ECF 129 at 13–14. Courts have significant discretion in choosing whether to grant a motion to strike so as "to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Blevins v. Piatt*, Civ. No. ELH-15-1551, 2015 WL 7878504, at *2 (D. Md. Dec. 4, 2015) (quoting *Haley Paint Co. v. E.I. du Pont de Nemours & Co.*, 279 F.R.D. 331, 335 (D. Md. 2012)). Striking portions of a pleading is "a drastic remedy" and, accordingly, motions to strike are "generally viewed with disfavor." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). Unless the portions of a pleading challenged have "no possible relation to the controversy and may prejudice the other party," a motion to strike will generally be denied. *U.S. ex rel. Ackley v. IBM*, 110 F. Supp. 2d 395, 406 (D. Md. 2000) (citations omitted). "[W]hen reviewing a motion to strike, the

court must view the pleading under attack in a light most favorable to the [nonmovant]." *Blevins*, 2015 WL 7878504, at *2 (citation and internal quotation marks omitted). Here, the only basis for striking the proposed amended complaint is Defendant's contention that Plaintiff seeks leave to amend in bad faith. This proposition is unfounded, and Defendant does not identify anything in the proposed amended pleading that is particularly scandalous or presented through unduly repulsive or derogatory language. The motion to strike the proposed amended pleading is denied.

### III.    Defendant's Motion to Strike Plaintiff's Reply

Defendant seeks to strike the reply brief Plaintiff filed in support of her motion for leave to amend as untimely. ECF 131. There is no dispute that Plaintiff filed her reply one week late. In response, Plaintiff admits that her reply was untimely but argues that the delay was justified by excusable neglect under Federal Rule of Civil Procedure 6(b). ECF 132. Specifically, Plaintiff points out that she is an employee of the federal government and states that she was "navigating the impact of the government shutdown," during the period in which her reply was due, while attending to family responsibilities. *Id.* at 1–2.

Rule 6(b)(1) provides that a court "may, for good cause, extend the time" in which "an act may or must be done" "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Findings of good cause and excusable neglect are "within the Court's discretion." *Lewis v. Prince George's Cnty. Bd. of Educ.*, Civ. No. JKB-21-2720, 2023 WL 4551866, at *5 (D. Md. July 13, 2023). Diligence is the "touchstone" of the good cause requirement. *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 151 (4th Cir. 2020). Courts are "permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Lewis*, 2023 WL 4551866, at *5 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,

507 U.S. 380, 388 (1993)). "To ascertain whether a delay in filing is excusable, courts must consider 'all relevant circumstances surrounding the party's omission.'" *Dwonzyk v. Balt. Cnty.*, 328 F. Supp. 2d 572, 577 (D. Md. 2004) (quoting *Pioneer*, 507 U.S. at 395). "The factors to be considered in determining whether there is good cause or 'excusable neglect' . . . include the 'danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith.'" *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768–69 (D. Md. 2010) (citation omitted).

The Court takes judicial notice of the fact that the federal government experienced a lapse of appropriations at the time Defendant filed its opposition to Plaintiff's motion for leave to amend, and that lapse of appropriations continued during Plaintiff's reply period. It is not clear to the Court, however, how this lapse of appropriations interfered with Plaintiff's ability to file a timely reply or, at least, file a timely motion for extension of time to reply. I do not find that the one-week delay in Plaintiff's filing prejudiced Defendant, but the delay did cause some delay in the resolution of the motion. Although I do not find that Plaintiff's delayed filing was in bad faith, the impact on the proceedings and lack of a sound justification precludes a finding of excusable neglect. Without more specific information, Plaintiff's general family responsibilities are not an excuse for untimely filings. She has opted to represent herself in this case and is responsible for managing this litigation on her own behalf, which includes the responsibility of complying with filing deadlines. Because Plaintiff's reply brief was late without adequate justification, the Court has analyzed Plaintiff's motion for leave to amend without regard to her reply and shall strike the reply from the record.

### IV.    Conclusion

Accordingly, it is by the United States District Court for the District of Maryland, hereby ORDERED that

1. Plaintiff's for leave to amend her complaint (ECF 126) is GRANTED IN PART and DENIED IN PART;

2. The Clerk shall docket Plaintiff's proposed amended complaint (ECF 126 at 4–36) as the operative Third Amended Complaint in this matter, attaching its exhibits (ECF 126-1, 126-2, and 126-3);

3. Leave to amend is granted with respect to Counts I and III;

4. Leave to amend is denied with respect to Counts II, IV, V, and VI, which are dismissed without prejudice;

5. Defendant's motion to strike the proposed amended complaint (ECF 129) is DENIED;

6. Defendant's motion to strike Plaintiff's reply in support of leave to amend (ECF 131) is GRANTED;

7. Plaintiff's reply in support of her motion for leave to amend (ECF 130) is STRICKEN.

8. The Clerk shall send a copy of this Memorandum Order to Plaintiff and to counsel for Defendant.

It is so ORDERED this __31st__ day of December, 2025

_____
/S/
Matthew J. Maddox
United States District Judge
